801 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reidy DAVIDSON, Petitioner,
v.
CONSOLIDATION COAL COMPANY, and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 85-1413.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1986.
Decided Sept. 18, 1986.
 
 Frank Mascara, on brief, for petitioner.
 David Allen Barnette, Jackson, Kelly, Holt & O'Farrell, on brief, for respondent Consolidation Coal Company.
 Ben.Rev.Bd.
 REMANDED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Reidy Davidson petitioned for review of an order of the Benefits Review Board (Board) affirming a decision of the Administrative Law Judge (ALJ) denying benefits under the Black Lung Act, 30 U.S.C. 55 901 et seq.
 
 
 2
 The ALJ found the claimant had worked in the nation's coal mines for thirty years, but he also found the medical evidence insufficient to invoke the interim presumption under 20 C.F.R. Sec. 727.203(a). Under Sec. 727.203(a), a miner who has at least ten years' qualifying coal mining employment is presumed totally disabled due to pneumoconiosis if: (1) a chest x-ray establishes the existence of the disease; or (2) ventilatory studies equal or fall short of v alues listed at 20 C.F.R. Sec. 727.203(a)(2); or (3) blood gas studies equal or fall short of values listed at 20 C.F.R. Sec. 727.203(a)(3); or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the existence of a totally disabling respiratory or pulmonary impairment, pursuant to 20 C.F.R. Sec. 727.203(a)(4).
 
 
 3
 The evidence before the ALJ in this case included five x-rays that were in compliance with regulatory standards. A September 4, 1974, x-ray was read by Dr. Harron as compatible with simple pneumoconiosis. Dr. Harron read a May 20, 1976, x-ray as negative for pneumoconiosis. Dr. Walker read a May 22, 2 1979, x-ray as positive for pneumoconiosis. Subsequently, however, four B-readers read the May 22 x-ray as negative. A December 11, 1979, x-ray was read as negative by Dr. Francke (a B-reader) but as positive by Dr. Turner. Finally, a December 11, 1980, x-ray was read as negative by Dr. Renn.
 
 
 4
 The record contained four pulmonary function studies[1] One study, by Dr. Rasmussen, reported values which met the requirements for invoking the interim presumption under Sec. 727.203(a)(2). The other studies all reported values which exceeded the values set forth in Sec. (a)(2). The record also contained four arterial blood gas studies, all of which exceeded the values set forth in Sec. 727.203(a)(3).
 
 
 5
 The ALJ considered the medical opinions of Drs. Walker, Post, and Rasmussen under the standard set forth in Sec. 727.203(a)(4). The ALJ found that Dr. Walker's opinion that the claimant was totally disabled from gainful employment due to pneumoconiosis was not a reasoned opinion. Dr. Walker based his opinion on the results of the May 22, 1979, x-ray, which he read as positive for pneumoconiosis; a physical examination; the claimant's medical history; and ventilatory studies. The ALJ also found Dr. Post's medical opinion that claimant was disabled from everything, except light housework, because of shortness of breath to be unreasoned. Dr. Post based his opinion primarily on a physical examination of the claimant performed on June 12, 1976, but supplied no physical findings to support his diagnosis. Finally, the ALJ found Dr. Rasmussen's assessment that the claimant suffered from "at least minimal loss of respiratory functional capacity" insufficient to establish the presumption under 5 (a)(4).
 
 
 6
 In Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 426 (4th Cir. 1986) (en banc), this Court held that pursuant to 20 C.F.R. Sec. 727.203(a)(1-3) the interim presumption is estab lished when there is credible evidence that a qualifying x-ray indicates the presence of pneumoconiosis; a single qualifying set of ventilatory studies indicates, in accordance with regulatory standards, a chronic respiratory or pulmonary disease; or a single qualifying set of blood gas studies indicates, in accordance with regulatory standards, an impairment in the transfer of oxygen from the lungs to the blood. Stapleton, supra, also held that one physician's qualifying opinion which conforms to the regulations' standards establishes the presumption. 20 C.F.R. Sec. 727.203(a)(4).
 
 
 7
 The claimant is entitled to the presumptions under 20 C.F.R. Sec. 727.203(a)(1), (a)(2) and (a)(4). The positive x-ray readings by Drs. Harron, Walker, and Turner invoked the presumption under 5 (a)(1), since a single reading of a qualifying x-ray that indicates pneumoconiosis triggers the presumption. Haynes v. Jewell Ride Coal C I, F.2d (4th 2 Cir., May 15, 1986) (No. 85-2223), slip op. at 3.[2] Addition ally, the pulmonary function study performed by Dr. Rasmussen was qualified to invoke the presumption under 5 (a)(2). Finally, we conclude Dr. Walker's opinion that the claimant was disabled was reasoned and thus raised the presumption under 5 (a)(4).[3]
 
 
 8
 Accordingly, we find the interim presumption should have been invoked under 55 (a)(1), (a)(2) and (a)(4) in light of our recent holding in Stapleton, supra. We therefore remand this case for consideration of whether the presumption was rebutted. On remand, when considering rebuttal of the presumption under Sec. 727.203(b), all relevant medical evidence must be considered. Stapleton, supra, at 427. Since the issues have recently been decided au thoritatively, we dispense with oral argument.
 
 
 9
 REMANDED.
 
 
 
 [1]
 The ALJ failed to consider a fifth test by Dr. Walker Ii which yielded qualifying results. That test, however, did not meet the quality standards set forth in 20 C.F.R. Sec. 410.430, and thus is not sufficient to invoke the presumption
 
 
 [2]
 If a single reading of a qualifying x-ray indicates the presence of pneumoconiosis, the (a)(1) presumption is triggered. Conflicting interpretations of the same or different x-rays and distinctions among 'A' and 'B' readers do not enter into this stage of the ' proceedings, although those factors--like all relevant evidence--may play a part in determining whether the interim presumption has been rebutted
 Haynes, supra, slip op. at 3.
 
 
 [3]
 The ALJ found Dr. Walker's report unreasonable, partly because several B-readers subsequently read the May 22, 1979, x-ray as negative for pneumoconiosis. Thus the " ', ALJ found Dr. Walker's positive reading to be "incorrect." The positive x-ray reading, however, itself sufficient to invoke the presumption under Sec. (a)(1), provided sufficient objective evidence to support Dr. Walker's opinion and render it reasonable in conjunction with his other findings